UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 06-22714-CIV COOKE/BROWN

ROBERT MICHAEL MISICK,
an individual,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA, and
UNITED STATES FEDERAL AVIATION
ADMINISTRATION, and
JOANI CAMACHO, an individual,

    *Defendant*.
_____/

## ORDER DISMISSING CASE

I have reviewed the parties' arguments concerning jurisdictional issues in this case. After carefully reviewing the various motions, responses, and replies, I find subject-matter jurisdiction lacking and, accordingly, dismiss the case as explained below.

**I.    Factual Background**

Robert Michael Misick ("Plaintiff") has brought the following claims under the Federal Tort Claims Act ("FTCA"):

Count I:    Defamation against Defendant Joani Camacho ("Defendant").

Count II:    Tortious Interference with Contract Rights against Defendant.

Count III:    Invasion of Privacy by Public Disclosure of Private Facts against Defendant.

Count IV:    Invasion of Privacy by Wrongful Intrusion against Defendant.

Count V:    Invasion of Privacy by False Light against Defendant.

Count VI:    Invasion of Privacy by Public Disclosure of Private Facts against the United States of America and the United States Federal Aviation Administration (collectively

"the United States Defendants").

Count VII:   Invasion of Privacy by Wrongful Intrusion against the United States Defendants.

Count VIII:  Invasion of Privacy by False Light against the United States Defendants.

Count IX:    Invasion of Constitutional Right of Privacy against the United States Defendants.

Plaintiff's amended complaint alleges that a consensual, romantic relationship between him and Defendant began in June 2003, soon after she joined the U.S. Federal Aviation Administration ("FAA"). Plaintiff had been working there for about fifteen years, during which time he had garnered an allegedly "impeccable" employment record and reputation. The couple's relationship was on and off, ending permanently in November 2004. According to Plaintiff, Defendant wanted to resume the relationship. She tried repeatedly to rekindle the romance, but Plaintiff refused.

Unhappy with Plaintiff's refusals, Defendant allegedly retaliated, filing a "false" internal harassment complaint against Plaintiff for hostile work environment. Plaintiff avers that this complaint was part of Defendant's "smear campaign" to destroy Plaintiff's reputation with his employer and co-workers, and to ruin his career. Defendant claimed that Plaintiff insulted her, belittled her, called her degrading and sexually promiscuous names, intimidated her, retaliated against her, obsessively stared at her, crowded her, and made her feel uncomfortable. To support her claims, Defendant revealed information about an interpersonal counseling session she attended with Plaintiff when they were dating. For example, she disclosed that he had attended counseling, characterizing him as emotionally unstable. She said she feared retaliation.

The FAA investigated Defendant's claims and, somehow, came to the conclusion that her "false" claims actually had merit. In fact, the FAA found that disciplinary action was in order

2

and issued a written reprimand in Plaintiff's employment file.

Plaintiff now turns to this Court for relief. He claims that Defendant's internal harassment complaint and the FAA's subsequent investigation and reprimand have worked to perpetrate an injustice on him. For purposes of this action, the United States has certified that Defendant was acting within the scope and course of her employment with respect to the conduct of which Plaintiff complains. [Certification by U.S. Attorney, Def. Mot. to Dismiss, Ex. A.; *see* Amended Complaint, ¶ 33.]. Upon this certification, the United States has asked to be substituted as defendant *in lieu* of Defendant Camacho.

**II.   The Federal Tort Claims Act**

Sovereign immunity protects the United States from suit absent express waiver. *See United States v. Testan*, 424 U.S. 392, 399 (1976). The FTCA provides such waiver for many, but not all torts. 28 U.S.C. §§ 2671-80. Among those exempted—torts for which the United States cannot be sued—are assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. 28 U.S.C. § 2680(h). But certain enumerated acts—assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution—if committed by *investigative or law enforcement officers*, are actionable. *Id*. (emphasis added). This limited bar to immunity, however, does not extend to "governmental actors who procure law enforcement actions, but who are themselves not law enforcement officers." *Metz v. United States*, 788 F.2d 1528, 1532 (11th Cir. 1986).

In 1986, the Eleventh Circuit further limited government exposure to actions in tort such that "a cause of action which is distinct from one of those excepted under § 2680(h) will

nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Metz*, 788 F.2d at 1534 (citing *Block v. Neal*, 460 U.S. 289, 297 (1983)). In other words, an FTCA claim is precluded if the essential conduct that comprises that claim could also establish one of the exempted torts. An invasion of privacy action, for example, must be dismissed if the essential conduct upon which it is based could also be used to bring a slander claim. *See Id*. at 1535.

The FTCA also provides that the United States may substitute itself as a defendant in place of a U.S. government employee if that employee is certified by the Attorney General to have been acting within the course and scope of employment. 28 U.S.C. § 2679. This certification authority is generally delegated to the United States Attorney. 28 C.F.R. § 15.3. The district court, however, should review the propriety of such certification, especially if it serves to preclude certain claims altogether. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995).

**III.    Analysis**

In the present action, the United States has certified that Defendant Camacho's allegedly tortious acts were carried out in the course and scope of her employment. This certification is deleterious to Plaintiff's claims as it serves to substitute the United States in place of Defendant Camacho, thus implicating an FTCA immunity provision that bars the entire suit. Therefore, I will first consider whether the certification is proper.

Most employers maintain an internal-harassment-compliant procedure to ensure a

productive work environment.[1]  This procedure establishes the proper channels for employees to seek redress for harassment.  Personal disputes are thereby discouraged from being enflamed among the employees themselves.  The employer serves as the mediator.  The complaint procedure thus gives an employer the necessary oversight to provide fair access and treatment to all employees.

The filing of a complaint usually triggers an internal investigation.  This investigation ensures that proper action is taken, including expunging frivolous complaints when warranted.  The system, hence, has a built-in check against false claims.

Such a grievance system is crucial to the viability of an organization as it provides a solid protocol to address potentially serious issues.  The system is so inextricably intertwined with a productive work environment that actions taken to access the system cannot be viewed any other way but within the scope and course of employment.  To rule otherwise would broadly open complainants up to personal liability and chill access to such grievance systems.

I hold, therefore, that the U.S. Attorney properly certified Defendant Camacho's conduct in this action as within the scope and course of her employment.  The United States is substituted for Defendant Camacho on all counts.  *See* 28 U.S.C. § 2679.  As such, invasion-of-privacy Counts III, IV, and V are dismissed as duplicative of Counts VI, VII, and VIII.

Because Counts I and II are against the United States for defamation and tortious interference with contract rights, they are dismissed as expressly barred by the FTCA. *See* 28 U.S.C. § 2680(h).  Only Counts VI - IX now remain for my consideration.

---

[1] Of course, the filing of such a complaint may lead to interoffice banter—an almost unavoidable externality—but the procedure's benefits far outweigh its potential harms.

To begin, I must note that all of Plaintiff's claims are based essentially upon the following: that Defendant, an embittered ex-girlfriend, (1) raised an allegedly false harassment claim against Plaintiff, (2) filed an allegedly false complaint on that claim, and (3) in prosecuting that complaint, improperly disclosed embarrassing, private information about Plaintiff obtained during their romantic relationship. This same conduct comprised Plaintiff's defamation claim. This commonality—the commonality in essential conduct underlying all of the claims—is the stake that pierces through the heart of Plaintiff's entire case.

I must dismiss all remaining counts because Defendant's conduct that constitutes the claim for defamation is essential to the remaining counts, i.e., there is no other conduct upon which the remaining claims can rest. *See Metz*, 788 F.2d at 1535 (dismissing emotional distress and seclusion claims because "the government's actions that constitute [the FTCA-barred] claim for false arrest are essential to [Plaintiff's] claims for intentional infliction of emotional distress and intrusion into seclusion" and dismissing false light claim because "the government officials' allegedly slanderous statements are essential to [Plaintiff's] action for false light privacy").

The invasion of privacy claims also exhibit an additional defect. In those Counts, Plaintiff is actually claiming that Defendant abused an official internal complaint process of the United States to invade Plaintiff's privacy rights. This argument sounds much like an abuse-of-process claim. *See Spitalny v. Insurers Unlimited, Inc.*, 2005 WL 1528629 at 2 (M.D. Fla.2005) ("Count I says nothing more than that the allegations in the Complaint are not true and the Complaint was filed simply as a vehicle to disseminate such untruths for an improper purpose . . . 'In order to sustain an action for abuse of process two elements are essential, (1) the existence of an ulterior motive; and (2) an act in the use of process other than such as would be proper in the

regular prosecution of the charge.'") (internal citations omitted). However, because (1) the FTCA expressly bars abuse of process claims, 28 U.S.C. § 2680(h), and (2) Defendant is not an investigative officer whose actions fall outside that bar, *see Metz*, 788 F.2d at 1532, these claims have an additional impropriety taint to them under the *Metz* principle, as masked pseudo-abuse-of-process claims. *See id*.

For the foregoing reasons, this complaint is DISMISSED for lack of subject matter jurisdiction. All remaining, pending motions are DENIED *as moot*. The Clerk shall CLOSE this case.

DONE and ORDERED in Chambers at Miami, FL this 21ST day of December 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies to:
*The Hon. Stephen T. Brown*
*Counsel of Record*